USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In re:                              :
WORLDCOM, INC., et al.,             :    06 Cv. 2134 (BSJ)
                                    :
                 Debtor.            :    Order
                                    :
                                    :
                                    :
------------------------------------x
```

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Before the Court is an appeal of the ruling of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") denying Max V. McLaughlin's ("McLaughlin" or "Plaintiff") Rule 56(f) request, granting summary judgment in favor of MCI, Inc. ("MCI" or "Defendant") and dismissing McLaughlin's request for proof of claim. The Court finds that the Bankruptcy Court did not abuse its discretion in denying McLaughlin's Rule 56(f) request. The Court also finds that the Bankruptcy Court properly granted summary judgment in favor of MCI and dismissed McLaughlin's proof of claim. Therefore, the decision of the Bankruptcy Court is AFFIRMED.

## Background

The Mississippi Power Company ("MPC") obtained authorization from the Mississippi Public Service Commission ("Commission") to construct, operate, maintain, and obtain easements necessary for a communications system, in order to

1

enhance its provision of electric services throughout the state of Mississippi. The Commission also authorized third party telecommunications companies, such as MCI, to use MPC's excess fiber optic capacity in exchange for financial assistance in completing the project. See MPSC Order Amending Certificate of Public Convenience and Necessity for Construction, Operation and Maintenance of Expanded Communication System (Def.'s App. B).

In 1991, MCI entered into an agreement with an MPC affiliate whereby MCI contributed to the cost of completion of MPC's fiber optic system. The agreement allowed MPC to expand its network by using MCI's communication facilities on routes where MPC did not have existing facilities. In exchange, MCI was allowed to use excess fiber optic capacity on the MPC system. See MCI-MPC Lease Agreement (Def.'s App. B).

## Procedural History

In 2001, McLaughlin filed suit in United States District Court for the Southern District of Mississippi against MPC, seeking damages and injunctive relief based on MPC's installation of fiber optic cable on McLaughlin's property along a utility easement. His complaint alleges that MPC used the fiber optic cable for a purpose other than those allowed by the easement, thereby exceeding MPC's authority and violating McLauglin's rights as a property owner. McLaughlin sought damages for alleged breach of contract, trespass, negligence,

and unjust enrichment, as well as injunctive relief to prevent use of the easements for any means unnecessary to the provision of the electric service by MPC. MCI claims, and McLaughlin does not dispute, that McLaughlin conducted significant discovery against MPC in this litigation. On September 27, 2001, MPC moved to join MCI as a necessary and indispensible party under FED. R. CIV. P. 19(a). McLaughlin filed his Amended Complaint, adding MCI, on June 4, 2002.

MCI subsequently filed for Chapter 11 bankruptcy in July, 2002, and the Mississippi litigation was stayed pursuant to 11 U.S.C. § 362. McLaughlin filed a proof of claim based on this lawsuit, which was dated January 15, 2003. MCI then filed a Motion for Summary Judgment seeking dismissal of McLaughlin's claim as a matter of law. In response, McLaughlin filed an affidavit pursuant to FED. R. CIV. P. 56(f), asking the court to refuse or delay MCI's motion for summary judgment. On December 13, 2005, the Honorable Arthur J. Gonzalez of the United States Bankruptcy Court denied McLaughlin's Rule 56(f) request, granted MCI's Motion for Summary Judgment and dismissed McLaughlin's proof of claim.

## Legal Standard

On an appeal from a bankruptcy court's summary judgment order, the standard of review is *de* novo. See Fugazy Express Inc. v. Fugazy, 124 B.R. 426, 430 (S.D.N.Y. 1991). Rule 56 of

3

the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish his right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). However,

4

Plaintiff may not "rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that [her] version of the events is not wholly fanciful." Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999).

A denial of a request pursuant to FED. R. CIV. P. 56(f) is reviewed under an abuse of discretion standard. See Capital Communications Fed. Credit Union v. Boodrow, 126 F.3d 43, 47 (2d Cir. 1997); Paddington Ptnrs. v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994)(citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 925 (2d Cir. 1985)(applying abuse of discretion standard 56(f) application)).

FED. R. CIV. P. Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

In connection with a motion made pursuant to Rule 56(f), the party opposing a motion for summary judgment generally must file an affidavit explaining: "1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful." Burlington, 769 F.2d at 926; see also

Paddington Partners, 34 F.3d at 1138; Hudson River Sloop Clearwater, Inc. v. Department of Navy, 891 F.2d 414, 422 (2d Cir. 1989).

The absence of discovery makes a Rule 56(f) motion especially compelling, as the nonmoving party should not be "railroaded" into his offer of proof in opposition to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317 at 326 (1986); see also Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989). Therefore, "[a] denial of access to relevant information weighs in favor of the party opposing a motion for summary judgment." Burlington, 769 F.2d at 925.

However, Plaintiff may not simply rely on vague assertions that additional discovery will produce needed evidence. Rather, "the facts sought to be uncovered must be sufficiently material so as to preclude summary judgment." Financial Insts. Retirement Fund v. Office of Thrift Supervision, 766 F.Supp 1302, 1307 (S.D.N.Y. 1991). A court can reject a request for discovery, even if properly and timely made through a Rule 56(f) affidavit, if it deems the request to be based on speculation as to what potentially could be discovered. Paddington Partners, 34 F.3d at 1138.

Analysis

McLaughlin raises 5 discrete causes of action: (1)breach of contract; (2) trespass; (3) unjust enrichment; (4)negligence; and (5) injunctive relief. McLaughlin bears the burden of proof on each of his causes of action. Because Plaintiff has failed to establish any genuine issues of material fact, MCI was entitled to summary judgment.

**(i)     Breach of Contract**

McLaughlin's contends that MCI's use of the fiber optic cables is an abuse of the easement, that the nature of the relationship between MCI and MPC is unclear, and that he requires further discovery in order to answer questions of ownership, assignment, or subleasing with regard to the fiber optic cables. McLaughlin asserts that the fact that MCI financed the fiber optic lines "raises interesting questions about whether the legal relationship between MCI and Mississippi Power was closer to joint ventures or co-owners than it was lessor-lessee." (Pl.'s Brief at 14.)

McLaughlin points to McDonald v. Mississippi Power Company, 732 So.2d 893, 897 (Miss. 1999). In that case, plaintiff argued that MPC had violated an easement by subleasing capacity on its fiber optic cables to a third party for purposes other than providing electricity. The Mississippi Supreme Court ruled that MPC was liable for violating the easement, but failed to assess

7

liability to third party sublessees. McDonald, 732 So. 2d at 897.

Unlike McDonald, the instant action is against MCI, a third party sublessee. It is undisputed that MPC signed the easement in question while MCI did not. Rather, MCI signed an otherwise valid lease agreement with MPC that is unrelated to this easement. See MCI-MPC Lease Agreement (Def.'s App. B).

In order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach. Allgood v. Bradford, 473 So. 2d 402, 415 (Miss. 1985). An easement is a type of contract which permits one party to use part of another party's property. See, e.g., McDonald, 732 So.2d at 895 (treating easements as private contracts). A contract cannot bind a non-party. International Customs Assocs.,Inc. v. Ford Motor Co., 893 F. Supp. 1251, 1256 n.3 (S.D.N.Y. 1995). Therefore, any claim for violation of the easement's terms cannot be brought against MCI because MCI is not a party to the easement.

McLaughlin suggests that rather than a sublessee, MCI was acting as an assign of MPC, "holding the same rights and bearing the same responsibilities as the assignor." (Pl.'s Brief at 16.) In his Rule 56(f) affidavit, McLaughlin requests further

8

discovery to explore "the existence and terms of any leases, use agreements, or other contracts between Mississippi Power and any other entity, including but not limited to MCI. . . ." (Pl.'s Brief at 17.) McLaughlin speculates that "terms of agreements between Mississippi Power and MCI are likely to include evidence bearing on the. . . question regarding whether MCI was an assign of the rights to use the easement." Id. However, McLaughlin has a copy of the contract between MPC and MCI, and cannot show any evidence to support his contention that "actual ownership of the cables is in dispute." Id. Rule 56(f) should not be used as a shield against summary judgment, nor does it "permit a plaintiff to engage in a 'fishing expedition.'" Paddington Partners, 34 F.3d at 1138. As Judge Gonzalez noted, "It is within the discretion of the Court to reject the 56(f) affidavit where the affidavit 'merely restates the conclusory allegations contained in [the] complaint and amplifies them only with speculation about what discovery might uncover.'" (Bankruptcy Court decision at 8.) (citing Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 107 (2d Cir. 1981)).

The Bankruptcy Court did not abuse its discretion to deny Plaintiff's Rule 56(f) request and correctly granted summary judgment on Plaintiff's breach of contract claim.

9

### (ii) Trespass

McLaughlin alleges that MCI's actions amount to a trespass in that: (1) MCI was responsible for MPC's unwarranted physical invasion onto McLaughlin's property for the purpose of installing unnecessary cable; (2) MCI is responsible for the continued physical tangible invasion of fiber optic cable in excess of that required; and (3) MCI is responsible for the transmission of pulses of light across McLaughlin's property which constitute a physical invasion of McLaughlin's property. In order to support a claim for trespass under Mississippi law, Plaintiff must establish: 1) an intrusion upon the land of another without a license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; and 3) credible evidence that the defendant is the party responsible for the tort. Defazio v. Chiquita Fresh North America L.L.C., 06 CV 973, 2008 WL 2788732, *9 (S.D. Miss. July 14, 2008); see also Monsanto Co. v. Scruggs, 342 F.Supp. 2d 602, 606 (N.D. Miss. 2004).

McLaughlin's first two trespass allegations rely on the premise that that MCI was responsible for MPC's unwarranted installation of unnecessary cable. McLaughlin claims that, if he can prove "that additional strands of fiber optic cable were laid, that were clearly outside the scope of the easement," the Court would be required to determine the party responsible for

10

the additional capacity. (Pl.'s Reply at 6.) McLaughlin alleges that MCI was responsible for MPC's physical invasion because, without financing from MCI, MPC would not have been able to install the lines. In his Rule 56(f) affidavit, McLaughlin seeks further discovery into "the critical issue [of] the relationship between MCI and Mississippi Power with regard to those lines." (Pl.'s Brief at 20.)

However, there is no evidence that MCI has installed any cable on McLaughlin's property. The record shows that the Commission allowed MPC to install and maintain telephone lines to be used in connection with the providing of electrical services. See MPSC Order Amending Certificate of Public Convenience and Necessity for Construction, Operation and Maintenance of Expanded Communication System (Def.'s App. B). As stated above, despite McLaughlin's contention that "actual ownership of the cables is in dispute," Plaintiff has provided nothing aside from conclusory allegations to show that MCI installed, maintained, or owned the fiber optic cable in question. Therefore, MCI cannot be held liable for any alleged physical invasion of McLaughlin's property.

McLaughlin also claims that MCI is responsible for the transmission of pulses of light across McLaughlin's property, constituting a physical invasion of McLaughlin's property. While harm is inferred by a tangible invasion, Mississippi law

11

recognizes trespass caused by an intangible invasion only to the extent that it causes physical damage to the property. King v. Vicksburg Ry. & Light Co., 42 So. 204, 204-05 (Miss. 1906) (plaintiff's property was damaged by an invasion of deleterious agents such as smoke, noise, and vibration.) In this case, McLaughlin has identified no harm to his property resulting from the transmission of light pulses through the fiber optic cable or that the transmission of telephone communications would impose any additional servitude beyond the agreed upon electrical transmissions. See Ball v. American Tel. & Tel. Co., 86 So.2d 42, 45 (Miss. 1956)("What concern is it then whether the silent and invisible impulses flowing through the cable carry radio, teletype, telephotography, telephone, telegraph, or television communication?"). As McLaughlin has shown no physical harm or additional servitudes to his property, he cannot maintain an action for intangible trespass.

Furthermore, the Mississippi courts have ruled that telecommunications light impulses are intangible for the purpose of trespass claims. In Byrd v. Mississippi Power Co., a landowner brought a trespass action against MPC and another third party telecommunications carrier that leased excess capacity from MPC. The plaintiff in that case, as McLaughlin here, alleged that the transmission of light impulses through fiber optic cable on his property entitled him to damages. Byrd

12

v. Miss. Power Co., No. C102-0419, Findings of Fact and Conclusions of Law, at 2 (Forrest County, Miss. Circ. Ct. Sept. 9, 2004) (Def.'s App. B). In Byrd, the court granted summary judgment, finding that "the light impulses traversing Plaintiff's properties are no different than radio waves or satellite cable signals that are likewise undetectable to the human senses, and cause no additional servitude to Plaintiff's properties. 'No additional servitude' under Mississippi law has been determined to mean that no further compensation to the landowners is required." Id. at 1 (citing Miss. Valley Gas Co. v. Boydstun, 92 So. 2d 334, 340 (Miss. 1957); Ball, 86 So.2d at 45).

To the extent that McLaughlin acknowledges that Mississippi law does not recognize light pulses as tangible, he asks the Court for a "good faith reconsideration of that existing precedent." (Pl.'s Brief at 20.) However, consistent with the Erie doctrine and the Rules of Decision Act, it is the duty of this Court to interpret and apply Mississippi precedent rather than to reconsider or overturn Mississippi trespass law. Erie R. Co. v. Tompkins, 304 U.S. 64, 77 (1938)("Whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law"); 28 U.S.C. § 1652. As the Mississippi courts have already ruled on this

13

matter, McLaughlin's petition to reconsider Mississippi precedent is denied.

The Bankruptcy Court did not abuse its discretion to deny Plaintiff's Rule 56(f) request and correctly granted summary judgment on Plaintiff's trespass claim.

### (iii) Unjust Enrichment

To sustain a claim for unjust enrichment under Mississippi law, "the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff." Owens Corning v. R.J. Reynolds Tobacco Co., 868 So.2d 331, 342 (Miss. 2004); Koval v. Koval, 576 So. 2d 134, 136 (Miss. 1991)(unjust enrichment is found "where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another"). Whether or not MCI has profited from transmitting light pulses through the cable is not the issue. There must also be evidence of inequitable conduct or wrongdoing on the part of MCI. "There is nothing inherently unjust about enrichment." Omnibank of Mantee v. United Southern Bank, 607 So.2d 76, 92 (Miss. 1992).

Plaintiff alleges that "if MCI instructed MPC to violate the terms of its easement for [MCI]'s benefit, unjust enrichment is a viable claim against it." (Pl.'s brief at 22.) However, McLaughlin has produced nothing aside from unsubstantiated

14

accusations to show that MCI induced any such action by MPC. As Judge Gonzalez states, "McLaughlin has not provided evidence, or suggested the production of such evidence in his Rule 56(f) affidavit, that [MCI] engaged in any illegal or inequitable conduct in relation to McLaughlin." (Bankruptcy Court decision at 18.) Absent any evidence of wrongdoing by MCI, there is nothing to suggest that any profits gained by MCI rightfully belong to McLaughlin.

The Bankruptcy Court did not abuse its discretion to deny Plaintiff's Rule 56(f) request and correctly granted summary judgment on Plaintiff's unjust enrichment claim.

### (iv) Negligence

To succeed on a claim for negligence, Plaintiff must show "(1) the existence of a duty 'to conform to a specific standard of conduct for the protection of others against the unreasonable risk of injury', (2) a breach of that duty, (3) causal relationship between the breach and alleged injury, and (4) injury or damages." Meena v. Wilburn, 603 So.2d 866, 870 n.5 (Miss. 1992). The presence of a duty and breach of that duty are essential elements prior to any finding of negligence. See Rein v. Benchmark Const. Co., 865 So.2d 1134, 1143 (Miss. 2004)(citing Strantz v. Pinion, 652 So.2d 738, 742 (Miss.1995)).

McLaughlin is unable to point to any duty owed to him by MCI. Furthermore, as discussed above, McLaughlin has suffered

15

no harm as a result of MCI's transmission of the light pulses through MPC's fiber optic cable. Therefore, McLaughlin cannot establish a *prima facie* case of negligence.

The Bankruptcy Court did not abuse its discretion to deny Plaintiff's Rule 56(f) request and correctly granted summary judgment on Plaintiff's negligence claim.

### (v) Injunctive Relief

Finally, McLaughlin has requested injunctive relief against MCI to enjoin further use of the fiber optic cable passing across his property and that of the class action members. A permanent injunction is an equitable remedy that the Court may impose to redress "irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (U.S. 1982); Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 542 (U.S. 1987). However, as McLaughlin has failed to establish any of his causes of action, instituting such a remedy is unnecessary in this case.

### Conclusion

The Bankruptcy Court did not abuse its discretion in denying McLaughlin's Rule 56(f) request and correctly granted MCI's Motion for Summary Judgment. The Bankruptcy Court's decision is AFFIRMED. Because there are not further pending matters, the Clerk of the Court is directed to close the case.

16

SO ORDERED:

                                        **BARBARA S. JONES**
                                        **UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
             January 29, 2010